UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NURSE NEXT DOOR HOME HEALTHCARE SERVICES (USA), INC., <br><br> Petitioner, <br><br> v. <br><br> AARON SIPP, et al., <br><br> Respondents. | CASE NO. C24-884 MJP <br><br> ORDER GRANTING MOTION TO COMPEL ARBITRATION |

This matter comes before the Court on Petitioner's Motion to Compel Arbitration. (Dkt. No. 3.) Having reviewed the Motion, Respondents' Opposition (Dkt. No. 14), the Reply (Dkt. No. 19), and all supporting materials, the Court GRANTS the Motion and the Petition.

### BACKGROUND

Petitioner Nurse Next Door Home Healthcare Services, Inc. (NND) filed this petition to compel arbitration in order to force Respondents Aaron and Priyanka Sipp and Sipp Healthcare LLC to arbitrate their franchise-related disputes in Seattle. (Petition (Dkt. No. 1).) The Sipps are

Florida-based franchisees of NND, who have filed a lawsuit against NND in Florida, claiming that NND sold them franchises that they could never operate fully in Florida. NND does not want to litigate in Florida and now invokes the Sipps' contractual agreement to arbitrate in Seattle. While the Sipps concede that they are bound by an arbitration agreement, they claim that NND failed to comply with a mediation pre-requisite contained in the arbitration agreement. They also argue that enforcement would be unfair and unconscionable. The Court reviews several relevant factual details below.

A.   **Factual Background**

Residents of Florida, the Sipps purchased six franchises from NND to operate nursing-related businesses in the state of Florida. (See Declaration of Aaron Sipp ¶¶ 1, 3, 5.) At some point after purchasing the franchises, the Sipps claim they learned the "business requires systems and practices that are not compatible with Florida's legal and regulatory requirements" and they were forced to close. (Id. ¶¶ 5-6.) The Sipps then complained to NND about the purchases and the Parties engaged in unsuccessful discussions to resolve the dispute informally through counsel. (See Declaration of Eric Boughman ¶¶ 6-11 (Dkt. No. 16).) The Sipps then filed suit in Florida. (Id. ¶ 12.)

NND then filed the present Petition to Compel Arbitration in order to compel the Sipps to arbitrate their dispute in Seattle. NND argues, and the Sipps concede, that the Sipps agreed to the following arbitration provision in the franchise purchases:

> All disputes, claims or controversies arising out of or relating to this Agreement, the parties' relationship, or the Franchisee's Franchised Business that are not resolved following the required negotiation and mediation in Sections 19(t)(i)- (ii), will be determined by binding arbitration in Seattle, Washington. The Parties agree that all issues of arbitrability, including the scope, validity, and enforceability of the arbitration clause, are delegated to the arbitrator and the arbitrator shall have full and complete authority to decide any such issues. The Federal Arbitration Act, not state law, governs the arbitration proceedings, as well as the scope, validity, and enforceability of the arbitration clause.

(See, e.g., Declaration of Arif Abdulla Ex. A § 19(t)(iv) (Dkt. No. 5).)

Notwithstanding this provision, the Sipps argue that they are not bound to arbitrate because NND failed to engage in "the required negotiation and mediation." (See Sipp Decl. ¶ 11.) The Sipps contend that they asked to mediate, but that NND failed to follow through. (See Resp. at 4-5; Boughman Declaration ¶¶ 6-10.) NND disputes this point, and the Parties appear to disagree about who is to blame for the lack of a mediation. (See Declaration of Dan Oates ¶¶ 7-11.) Mediation aside, the Sipps also argue that the cross-country arbitration agreement is unconscionable. While they are willing to "engage in alternative dispute resolution," the Sipps will only do so if they can appear remotely to avoid the onerous costs of travel. (Boughman Decl. ¶¶ 12-13; see Sipp Decl. ¶¶ 11-12.) NND argues that any such requests can and should be decided by the arbitrator. And NND points out that any claims the arbitration provision is unfair is expressly undone by the ample disclosures that any arbitration would have to occur in Seattle. (See Abdulla Decl. Ex. A § 19(t)(v).)

**ANALYSIS**

The Court finds that NND is entitled to an order compelling arbitration.

In deciding the motion to compel arbitration, the Court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). Here, the Sipps concede the first point—that the arbitration provision is enforceable and that they are willing to arbitrate. (See Opp. at 6; Sipp Decl. ¶ 11.) And as to the second point, there is no dispute that the disagreement between the Parties arises out of the agreement containing the arbitration provision. Under Ninth Circuit law, NND is entitled to an

order compelling arbitration consistent with the agreement. See Chiron, 207 F.3d at 1130. On this basis, the Court GRANTS the Motion.

The Sipps have not convinced the Court that any failure to mediate prevents issuance of an order compelling arbitration. "When the parties have clearly and unmistakably delegated questions regarding arbitrability to the arbitrator, the court need not conduct further inquiries beyond the existence of the arbitration agreement." Fli-Lo Falcon, LLC v. Amazon.com, Inc., 97 F.4th 1190, 1194 (9th Cir. 2024). Here, the Parties unmistakably delegated the question of enforcement of the arbitration agreement to the arbitrator: "The Parties agree that all issues of arbitrability, including the scope, validity, and enforceability of the arbitration clause, are delegated to the arbitrator and the arbitrator shall have full and complete authority to decide any such issues." (Abdulla Decl., Ex. A § 19(t)(iv).) Under this clear language, the Sipps must raise their arguments against enforcement of the arbitration clause for NND's purported failure to mediate before the arbitrator. Additionally, the Sipps may raise any claims that enforcement of the arbitration provision is unconscionable. That issue, too, has been delegated to the arbitrator to decide. See Fli-Lo, 97 F.4th at 1199 (noting that unconscionability challenges can be delegated to an arbitrator through nearly identical delegation provisions as contained in the NND contracts).

Lastly, the Court remains unconvinced that the arbitration venue provision is substantively unconscionable. As an initial matter, the arbitrator has the authority to decide this issue under the terms of the arbitration agreement, which is enforceable. See Fli-Lo, 97 F.4th at 1199. And the arbitrator has discretion to determine whether to hold the arbitration via remote means. See JAMS Rule 22(g) ("The Arbitrator has full authority to determine that the Hearing, or any portion thereof, be conducted in person or virtually by conference call, videoconference or

using other communications technology with participants in one or more geographical places, or in a combined form."). Because the Sipps agreed to delegate to the arbitrator the authority to decide hardship issues, and the JAMS arbitrator has the authority to allow remote proceedings, there is no basis to find the arbitration agreement unconscionable merely because it might require cross-country travel. And, as NND points out, there were significant disclosures to the Sipps about this potential burden provided well before they signed the arbitration agreements. These arguments fail to demonstrate any reason why NND is not entitled to the relief it seeks.

## CONCLUSION

NND has provided sufficient evidence and argument to demonstrate that the Sipps are bound to arbitrate their dispute. The Court GRANTS the Motion to Compel Arbitration, ORDERS the Parties to arbitrate their dispute, and DIRECTS entry of judgment in Petitioner's favor on its Petition. The Court notes the Sipps may and should still raise their request to participate in the arbitration through remote means, which appears to be a reasonable means of accommodating the Sipps' needs and avoiding undue hardship.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 19, 2024.

Marsha J. Pechman
United States Senior District Judge